**BHG LAW**

**BUNTROCK HARRISON &
GARDNER LAW, PLLC**
2158 N. Gilbert Rd., Suite 119
Mesa, Arizona 85203
Telephone    (480) 664-7728
Facsimile    (480) 668-3110
**Shane D. Buntrock, Esq. – SBN 019693**
Email    shane@bhglaw.com
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Buchanan Bros., Inc., an Arizona corporation, d/b/a Airguns of Arizona, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| *vs.* | |
| A2Z Xtreme Airgun LLC, an Arizona limited liability company; Ben Spencer, an individual; | |
| Defendants. | |

Plaintiff Buchanan Bros., Inc., d/b/a Airguns of Arizona ("AOA"), for its Complaint, alleges as follows:

**INTRODUCTION**

1. AOA has developed a substantial consumer base and enjoys a prominent reputation in the airgun industry.

2. AOA is an Arizona-based leading retailer of airguns and accessories.

3. Since at least 2011, AOA has been the market leader in the promotion and sponsorship of airgun shooting events and competitions with airgun enthusiasts in the United States and around the world.

4. AOA has a significant online and community presence with airguns in general and has established a significant reputation, name recognition and good will in the promotion and sponsorship of airgun competitions and events.

5. Defendants are willfully violating AOA's intellectual property rights by infringing on AOA's tradenames and service marks by using the same or similar tradenames as AOA to compete with AOA and dilute AOA's marks and misappropriate AOA's reputation and goodwill.

6. AOA asserts claims for: (a) federal trademark infringement; (b) federal unfair competition under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (c) state trademark infringement; and (d) state unfair competition under Arizona common law.

7. AOA is seeking temporary, preliminary, and permanent injunctive relief against Defendants, and damages, costs, and attorneys' fees to the extent permitted by law.

## PARTIES

8. Plaintiff Buchanan Bros., Inc. d/b/a Airguns of Arizona ("AOA") is an Arizona company based in Gilbert, Arizona.

9. A2Z Extreme Airguns LLC ("A2Z") is an Arizona limited liability company doing business in Maricopa County, Arizona.

10. Ben Spencer is the sole member of A2Z Extreme Airguns LLC and on information and belief resides in Maricopa County, Arizona.

## JURISDICTION AND VENUE

11. This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, because this case arises under the Lanham Act, 15 U.S.C. § 1051, *et seq*.

12. Subject matter jurisdiction is conferred upon this Court under 28 U.S.C.A. §§ 1331 and 1338 because this action concerns a federal question.

13. This court has supplemental jurisdiction over AOA's pendent state law

claims because these claims are so related to AOA's federal claim that they form part of the same case or controversy and derive from a common nucleus of operative facts.

14. Venue is proper in this Court under 28 U.S.C.A. § 1391(b) because the Defendants reside and may be found within the State of Arizona, and all of the events that gave rise to the claim occurred within the State of Arizona.

## GENERAL ALLEGATIONS

15. AOA has developed a substantial consumer base and enjoys a prominent reputation in the airgun industry.

16. Since at least 2011, AOA has been the market leader in the promotion and sponsorship of airgun shooting events and competitions with airgun enthusiasts in the United States and around the world.

17. AOA has a significant online and community presence with airguns in general and has established a significant reputation, name recognition and good will in the conducting, arranging, organizing, promotion and sponsorship of trade shows and airgun sporting competitions including the sponsorship and promotion of goods and services of others though awards programs, sports competitions and activities involving the sport of airgun shooting.

18. AOA has continuously and exclusively used its EXTREME BENCHREST mark in interstate commerce in conjunction with organizing, promoting, advertising, and sponsoring airgun shooting events and competitions since 2011.

19. AOA has therefore acquired valid and enforceable service mark rights in its mark EXTREME BENCHREST.

20. AOA has continuously and exclusively used its EXTREME FIELD TARGET mark in interstate commerce in connection with the in conjunction with organizing, promoting, advertising, and sponsoring airgun shooting events and competitions sponsorship, promotion and hosting of airguns shooting events since 2013.

21. AOA has therefore acquired valid and enforceable service mark rights in its mark EXTREME FIELD TARGET.

22. In recognition of AOA's exclusive rights in the EXTREME BENCHREST mark, the United States Patent and Trademark Office has issued AOA a federal service mark "EXTREME BENCHREST," Registration No. 4,620,026, for conducting, arranging, organizing, promotion and sponsorship of trade shows and airgun sporting competitions including the sponsorship and promotion of goods and services of others though awards programs, sports competitions and activities involving the sport of airgun shooting.

23. AOA's registration is incontestable pursuant to Section 15 of the Federal Lanham Act, 15 U.S.C. § 1065.

24. The AOA EXTREME BENCHREST and EXTREME FIELD TARGET events are well known not only within the state of Arizona, but throughout the United States with consumers/participants coming from all over the United States and around the world.

25. AOA's first use of EXTREME FIELD TARGET was in 2013 at AOA's EXTREME BENCHREST Arizona competition.

26. Continuously since then, AOA has organized, promoted, advertised, and hosted multiple sporting events, tradeshows, and competitions in the United States under both the EXTREME FIELD TARGET and EXTREME BENCHREST marks.

27. In July 2015, AOA registered the domain name extremefieldtarget.com.

28. AOA's many customers have come to associate AOA's airgun shooting competitions and tradeshow and promotions events and services with its EXTREME FIELD TARGET and EXTREME BENCHREST service marks.

29. As a result of its reputation for the best quality services and its extensive promotion and advertising of these services under the EXTREME FIELD TARGET and

EXTREME BENCHREST marks, AOA has developed valuable good will in both the EXTREME FIELD TARGET and EXTREME BENCHREST marks since their adoption in the airgun field.

30. AOA has federal rights in the EXTREME BENCHREST marks and considerable common law rights in the EXTREME FIELD TARGET service marks inuring to it from its long-standing use of the foregoing marks, including, but not limited to, protection against mark infringement, unfair competition, unfair trade practices, false advertising, and passing off.

31. Defendant Ben Spencer has attended the EXTREME FIELD TARGET and EXTREME BENCHREST competitions as a participant.

32. At times, Ben Spencer was involved as a volunteer in the organization of EXTREME FIELD TARGET promotion and events.

33. On December 2021, Ben Spencer organized A2Z Xtreme Airgun LLC.

34. On information and belief, this entity was organized for the purpose of competing with AOA in the EXTREME FIELD TARGET and EXTREME BENCHREST airgun competition.

35. In or about March 2022, A2Z registered eight tradenames with the Arizona Secretary of State's office: (1) "xtreme field target," (2) "Extreme Field Target," (3) "XFT," (4) "xtreme Benchrest," (5) "American Field Target," (6) "Extreme American Field Target," (7) "American Extreme Field Target," and (8) "Extreme Hunter Field Target."

36. Prior to A2Z's 2022 Arizona state trade name filings, both it and Ben Spencer were aware that AOA had adopted and was using the marks EXTREME FIELD TARGET and EXTREME BENCHREST for airgun shooting events, promotions, tradeshows, and competition services.

37. The registration of a trade name in Arizona is ministerial and does not grant

exclusive rights to the holder of the name.

38. On or about March 13, 2022, A2Z filed two federal trademark applications with the USPTO, serial numbers 97309769 ("Extreme Field Target") and 97309760 ("Xtreme Field Target").

39. The services provided by A2Z are identical to the events and shooting competitions hosted by AOA, and the marks are identical or virtually identical but for rearrangement of words, case, the lack of the letter "E", and the addition of the words "American" or "Hunter," and/or the use of the acronym "XFT."

40. Those slight differences are still confusingly similar in spelling, sound, meaning, and/or commercial impression to the EXTREME FIELD TARGET mark and EXTREME BENCHREST federal service mark registration.

41. A2Z had the opportunity and obligation to avoid confusion with AOA's existing EXTREME FIELD TARGET trademark and EXTREME BENCHREST federal trademark registration.

42. The use of the above-listed A2Z tradename will likely cause significant customer confusion.

43. The use of the A2Z tradenames constitutes trademark infringement and unfair competition, unfair trade practices, false advertising, and passing off.

## COUNT I
### (Federal Service Mark Infringement)

44. AOA realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

45. Defendants' use of the confusingly similar XTREME BENCHREST mark in connection with identical services is likely to cause confusion, mistake or deception among consumers as to the true source of origin of Defendants' services or as to whether AOA is associated or affiliated with, or sponsors, endorses or authorizes, Defendants or

their services.

46. The federally registered EXTREME BENCHREST mark serves to identify to the public goods and services that are offered by AOA alone, and the goods and services offered in connection with that mark is regarded by the public as being offered by, approved by, endorsed by, sponsored by, associated with, or affiliated with AOA.

47. Defendants' conduct has enabled them to earn profits to which they are not in law, equity or good conscience entitled, and has unjustly enriched Defendants, all to their profit and AOA's damage.

48. Defendants' conduct infringes AOA's federally registered EXTREME BENCHREST mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

49. Defendant has committed the following acts of infringement with the full knowledge of AOA's prior registration of the EXTREME BENCHREST mark.

50. As a direct and proximate result of Defendants' conduct in violation of 15 U.S.C. § 1114(1), AOA has suffered actual and irreparable injury for which no adequate remedy exists at law.

51. Defendants' wrongful conduct will continue to cause such injury to AOA unless and until enjoined by this Court.

52. As a result of Defendants' conduct, AOA is entitled to, among other relief, temporary, preliminary, and permanent injunctive relief, an award of actual damages, corrective advertising costs, Defendants' profits attributable to the infringement, and the costs of this action.

53. Defendants' infringing actions were undertaken willfully and with the intent to trade upon the goodwill of AOA's EXTREME BENCHREST mark, making this an exceptional case that entitles AOA to recover its reasonable attorneys' fees, together with prejudgment and post-judgment interest.

# COUNT II

## (Federal Unfair Competition)

54. AOA realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

55. Defendants have intentionally used the XTREME BENCHREST, EXTREME FIELD TARGET, and XTREME FIELD TARGET marks in commerce without authorization or consent from AOA (and over AOA's repeated objections) in connection with the offering and advertising of airgun shooting competition services in an attempt to trade on AOA's EXTREME BENCHREST and EXTREME FIELD TARGET marks.

56. Defendants' use of the XTREME BENCHREST, EXTREME FIELD TARGET, and XTREME FIELD TARGET marks are likely to cause confusion, mistake, or deception as to whether Defendants' services originate from, are associated, affiliated, or connected with, or are sponsored, endorsed, or approved by AOA.

57. Defendants' conduct constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a).

58. Defendants' conduct has enabled them to earn profits to which they are not in law, equity or good conscience entitled, and has unjustly enriched Defendants, all to their profit and AOA's damage.

59. As a direct and proximate result of Defendants' conduct in violation of Section 43(a), AOA has suffered actual and irreparable injury for which no adequate remedy exists at law.

60. Defendants' wrongful conduct will continue to cause such injury unless enjoined by this Court.

61. As a result of Defendants' conduct, AOA is entitled to, among other relief, temporary, preliminary, and permanent injunctive relief, an award of actual damages,

corrective advertising costs, Defendants' profits attributable to the infringement, and the costs of this action.

62. Defendants' infringing actions were undertaken willfully and with the intent to trade upon the goodwill of AOA's EXTREME BENCHREST and EXTREME FIELD TARGET marks, making this an exceptional case that entitles AOA to recover its reasonable attorneys' fees, together with prejudgment and post-judgment interest.

## COUNT III

### (Federal Dilution)

63. AOA realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

64. AOA's EXTREME BENCHREST and EXTREME FIELD TARGET marks are distinctive and "famous marks" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

65. AOA's EXTREME BENCHREST and EXTREME FIELD TARGET marks became distinctive and famous prior to the Defendants' acts as alleged herein.

66. Defendants' acts as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of AOA's famous EXTREME BENCHREST and EXTREME FIELD TARGET marks.

67. Defendants' acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish AOA's EXTREME BENCHREST and EXTREME FIELD TARGET marks by undermining and damaging the valuable goodwill associated therewith.

68. Defendants' acts as alleged herein are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, and have already caused AOA irreparable damage and will, unless enjoined, continue to so damage AOA, which has no adequate remedy at law.

69. AOA is entitled to, among other relief, an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

## COUNT IV

### (Common Law Mark Infringement)

70. AOA realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

71. Defendants' use of the confusingly similar EXTREME FIELD TARGET and XTREME FIELD TARGET marks and Defendants' attempt to register the EXTREME FIELD TARGET mark in connection with identical services is likely to cause confusion, mistake, or deception among consumers as to the true source of origin of Defendants' services or as to whether AOA is associated or affiliated with, or sponsors, endorses, or authorizes, Defendants or their services.

72. AOA has common law rights in the EXTREME FIELD TARGET mark to identify to the public goods and services that are offered by AOA alone, and the goods and services offered in connection with that mark is regarded by the public as being offered by, approved by, endorsed by, sponsored by, associated with, or affiliated with AOA.

73. AOA's common law rights existed long before any use of the marks XTREME FIELD TARGET or EXTREME FIELD TARGET by the Defendants.

74. On information and belief, Defendants' conduct has enabled them to earn profits to which they are not in law, equity or good conscience entitled, and has unjustly enriched Defendants, all to their profit and AOA's damage.

75. Defendants' conduct infringes AOA's common law mark EXTREME FIELD TARGET.

76. As a direct and proximate result of Defendants' conduct AOA has suffered actual and irreparable injury for which no adequate remedy exists at law.

77. Defendants' wrongful conduct will continue to cause such injury to AOA unless and until enjoined by this Court.

78. As a result of Defendants' conduct, AOA is entitled to, among other relief, temporary, preliminary, and permanent injunctive relief, an award of actual damages, corrective advertising costs, Defendants' profits attributable to the infringement, and the costs of this action.

79. Defendants' infringing actions were undertaken willfully and with the intent to trade upon the consumer goodwill of AOA's EXTREME FIELD TARGET mark, making this an exceptional case that entitles AOA to recover its reasonable attorneys' fees, together with prejudgment and post-judgment interest.

## COUNT V

### (Common Law Unfair Competition)

80. AOA realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

81. Defendants have intentionally used the XTREME BENCHREST, XTREME FIELD TARGET, and EXTREME FIELD TARGET marks without authorization or consent from AOA (and over AOA's repeated objections) in commerce in connection with the sale, offering for sale, distribution, and advertising of services in an attempt to trade on AOA'S EXTREME BENCHREST and EXTREME FIELD TARGET marks.

82. Defendants' use of the XTREME BENCHREST, EXTREME FIELD TARGET, and XTREME FIELD TARGET marks are likely to cause confusion, mistake, or deception as to whether Defendants' services originate from, are associated, affiliated, or connected with, or are sponsored, endorsed, or approved by AOA.

83. Defendants' conduct described above constitutes unfair competition in violation of the common law of the state of Arizona.

84. Defendants' wrongful conduct will continue to cause such injury to AOA unless and until enjoined by this Court.

85. As a result of Defendants' conduct, AOA is entitled to, among other relief, temporary, preliminary, and permanent injunctive relief, an award of actual damages, corrective advertising costs, Defendants' profits attributable to the infringement, and the costs of this action.

86. Defendants' infringing actions were undertaken willfully and with the intent to trade upon the consumer goodwill enjoyed by AOA in the EXTREME BENCHREST and EXTREME FIELD TARGET marks, entitling AOA to an award of punitive damages.

## COUNT VI

### (Dilution Under Arizona Law)

87. AOA realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

88. The EXTREME BENCHREST and EXTREME FIELD TARGET marks are famous within the State of Arizona and became famous in Arizona long before Defendants began using the marks.

89. Defendants' acts complained of herein constitute commercial use of a mark or trade name that causes dilution of the distinctive quality of the famous EXTREME BENCHREST and EXTREME FIELD TARGET marks.

90. Upon information and belief, Defendants have undertaken these acts willfully and with the intent to trade on AOA's reputation or to cause dilution of the EXTREME BENCHREST and EXTREME FIELD TARGET marks.

91. Defendants' acts complained of herein cause dilution to the famous EXTREME BENCHREST and EXTREME FIELD TARGET marks in violation of

A.R.S.§ 44-1448.01.

92. Defendants' acts complained of herein have caused and, unless enjoined, will continue to cause, irreparable harm and injury to AOA's famous EXTREME BENCHREST and EXTREME FIELD TARGET marks, business reputation, and goodwill for which there is no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, by virtue of Defendants' unlawful conduct as alleged herein, AOA respectfully prays that:

A. The Court enter judgment that AOA owns valid and enforceable rights in the EXTREME BENCHREST and EXTREME FIELD TARGET marks, and that Defendants, as a direct and proximate result of their unlawful and unauthorized continuing use of the infringing marks, have:

1) infringed AOA's rights in its EXTREME BENCHREST and EXTREME FIELD TARGET marks in violation of 15 U.S.C. § 1114(1); and

2) engaged in unfair competition in violation of 15 U.S.C. § 1125(a) and the common law of Arizona.

B. The Court enter a temporary restraining order, preliminary injunction, and permanent injunction against Defendants and each of their agents, servants, employees and all those persons in concert or participation that orders Defendants to immediately:

1) Cease all use of the XTREME FIELD TARGET, EXTREME FIELD TARGET, XFT, XTREME BENCHREST, AMERICAN FIELD TARGET, EXTREME AMERICAN FIELD TARGET, AMERICAN EXTREME FIELD TARGET, or EXTREME HUNTER FIELD TARGET marks and any variations of the same in

        any manner, including but not limited to Defendants' website and social media, all marketing brochures or promotional items, in connection with the promotion, advertisement, or offering of airgun shooting services or airgun competitions in the United States;

    2) Cancel all of Defendants' tradename registrations with the Arizona Secretary of State that infringe on AOA's marks;

    3) Withdraw its federal trademark applications for the names XTREME FIELD TARGET and EXTREME FIELD TARGET;

    4) Request that all third parties with whom Defendants have a contractual relationship to cease any further use of the XTREME FIELD TARGET, EXTREME FIELD TARGET, XFT, XTREME BENCHREST, AMERICAN FIELD TARGET, EXTREME AMERICAN FIELD TARGET, AMERICAN EXTREME FIELD TARGET, or EXTREME HUNTER FIELD TARGET marks; and

C. The Court enter a permanent injunction against Defendants and each of their agents, servants, employees and all those persons in concert or participation that enjoins Defendants from:

    1) use of the XTREME FIELD TARGET, EXTREME FIELD TARGET, XFT, XTREME BENCHREST, AMERICAN FIELD TARGET, EXTREME AMERICAN FIELD TARGET, AMERICAN EXTREME FIELD TARGET, and EXTREME HUNTER FIELD TARGET marks and any variations of the same in any manner, including but not limited to Defendants' website and social media, all marketing brochures or promotional items, in connection with the promotion, advertisement, or offering of airgun shooting services or airgun competitions in the United States;

      2)      unfairly competing with, injuring the business or reputation of, or damaging the goodwill of AOA in any manner;

      3)      falsely representing that they are connected with, sponsored by, or associated with AOA; and

      4)      otherwise engaging in unfair competition which in any way injures AOA.

D.      Pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118, Defendants be directed to deliver up to AOA for destruction all advertising and promotional materials, signs, business cards, packaging, clothing, and all other materials which bear the infringing XTREME FIELD TARGET, EXTREME FIELD TARGET, XFT, XTREME BENCHREST, AMERICAN FIELD TARGET, EXTREME AMERICAN FIELD TARGET, AMERICAN EXTREME FIELD TARGET, or EXTREME HUNTER FIELD TARGET or any other infringing marks in any form, and other means of making or duplicating the same;

E.      An accounting be had, and judgment be rendered against Defendants for the profits, gains and advantages they have derived from its wrongful actions and the damages sustained by AOA as a result of Defendants' actions, with such amounts to be trebled as provided by law because of the willful and deliberate nature of Defendants' actions;

F.      Defendants be ordered to pay AOA actual damages, including a reasonable royalty for their use of AOA's mark and amounts for corrective advertising, enhanced damages, and punitive damages in light of the willful, intentional and predatory nature of their actions, as well as pre- and post-judgment interest;

G.      Defendants be ordered to pay AOA both the costs of this action and the

reasonable attorneys' fees AOA has incurred in connection with this action;

H. The Court find this to be an exceptional case and award AOA recovery of its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117; and

I. AOA be granted such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

AOA hereby demands a jury trial on all the issues so triable.

DATED this 7th day of September 2023.

BUNTROCK HARRISON & GARDNER LAW, PLLC


 /s/ Shane D. Buntrock
Shane D. Buntrock, Esq.
shane@bhglaw.com
2158 N Gilbert Road, Suite 119
Mesa, Arizona 85203
*Attorneys for Plaintiff*